Providence,
 

 Dukeee, C. J.
 

 This action js trespass to recover damages for an injury resulting from a collision on a highway in Swansey, Massachusetts. On the trial to the jury the plaintiff submitted testimony to show that the collision occurred September 10,1876, being a Sunday, at about 7.30 o’clock p. M.; that the road where the collision occurred was eighteen feet wide; that he and the defendant were travelling in opposite directions, each driving a horse and buggy or wagon; that he saw the defendant approaching and turned out to the right as far as he could and stopped ; that he called to the defendant, but that the defendant drove rapidly along the middle of the road, without turning aside,» and ran into his buggy, upsetting it, throwing him out, and doing the buggy considerable injury. The plaintiff, having submitted this testimony, rested; and the defendant thereupon moved for a nonsuit, on the ground that it appeared from the testimony submitted that, at the time of the collision, the plaintiff was travelling on Sunday, in violation of law. The court granted the nonsuit, being of the opinion that the plaintiff could not prove his case without proving his own criminality. The plaintiff excepted, and petitions for a new trial.
 

 We think the plaintiff is entitled to a new trial. The report of the testimony in our opinion shows that he did, in point of fact, make out a
 
 primá facie
 
 case without proving his criminality. All that was disclosed, having any tendency to prove criminality on his part, was the fact that he was travelling on Sunday; but inasmuch as a person can travel, innocently on Sunday, we see no reason for presuming without proof that he was committing a misdemeanor. He may, for anything that appears, have been travelling from necessity or charity.
 

 The defendant contends that the plaintiff was not entitled to recover without showing affirmatively that he did not contribute to the collision by his own fault, and that therefore the burden was on him to show that he was travelling from necessity or charity. If this is so, then the true ground for the nonsuit was not that' the plaintiff had shown, or must necessarily show, his criminality in proving his case, but that he had not made a
 
 primá facie
 
 case, in that he had omitted to prove that he was travelling from necessity or charity. The defendant cites in support of his position several Massachusetts cases.
 

 
 *396
 
 The earliest case in which the doctrine was declared is
 
 Bosworth
 
 v.
 
 Inhabitants of Swansey,
 
 10 Met. 363. In that case it was held that a person who was injured by reason of a defect in a highway, over which he was travelling, on secular business on Sunday, could not recover of the town without proof that he was travelling from necessity or charity, the burden being on him to show that his own fault did not concur in causing the injury. In
 
 Jones
 
 v.
 
 Inhabitants of Andover,
 
 10 Allen, 18, a similar case was similarly decided. In
 
 Stanton
 
 v.
 
 Metropolitan R. R. Co.
 
 14 Allen, 485, a person who was travelling in a horse-car on Sunday to visit a stranger was held to be violating the law, and therefore not entitled to redress for an injury which he would not have received but for such violation. In
 
 Smith
 
 v.
 
 Boston & Maine Railroad,
 
 120 Mass. 490, the plaintiff, who was travelling on secular business on Sunday, was injured at a railroad crossing on the highway, by the negligence of the defendant; and it was held that he could not recover for the injury because he was travelling in violation of law. In the last two cases there was no question as to the burden of proof, but the law was recognized as laid down in the previous cases of
 
 Bosworth
 
 v.
 
 Inhabitants of Swansey
 
 and
 
 Jones
 
 v.
 
 Inhabitants of Andover.
 

 The logic of these cases is, that a person who receives an injury while travelling, which he would not have received if he had not been travelling, contributes to the injury by the act of travelling, and that he is therefore bound to show his right to travel in order to show that his own fault did not concur in causing his injury. The validity of the reasoning depends on the validity of the assumption, that the act of travelling is a contributory or concurring cause of the injury. Is the assumption just ? Is not the act of travelling to ,be regarded rather as a condition than as a cause of the injury ? Or, to state the question in another form, is not the injury to be regarded rather as an incident than as an effect of the travelling ? Of course we put the question not with a view to any metaphysical solution of it, but simply with a view to its solution according to usual modes of thought and speech; for the logic of the law goes with such modes of thought and speech, rather than with the refinements of the philosophers. We will endeavor to made our meaning clearer by illustration.
 

 Suppose a man is walking on a sidewalk, past a house, and
 
 *397
 
 some one carelessly throws a billet of wood, through an open chamber window, on top of his head, breaking his skull. Can it be said that the injured pedestrian had anything to do with causing his injury? Is not his relation to it best expressed by saying not that he
 
 caused
 
 it by walking on the sidewalk, but that he
 
 received
 
 it in consequence of walking there ? The cause of it was the throwing of the billet. Or if the walking can be regarded as a cause, it can be regarded only as an occasional or collateral, not as an efficient and immediate, cause. “ That condition is usually termed the cause,” says Appleton, C. J., in
 
 lton
 
 v.
 
 Inhabitants of
 
 Sanford, 51 Me. 127, “ whose share in the matter is most conspicuous and is most immediately preceding and proximate to the event.”
 

 Again : suppose a man is driving along a familiar street after dark, and drives without warning into a hole which has just been dug and left unlighted and unguarded. Can the traveller be said to have participated in causing the disaster by simply driving after dark ? In this case there might be a little more hesitation than in the other, but still we think the final answer would be that the neglected hole was the sole, efficient and immediate cause.
 

 Or again: let us put a case which is the case at bar.' A traveller on a narrow highway sees another traveller approaching rapidly towards him. He turns out to the right as far as he can, leaving much more than half of the road, and stops. He shouts and does everything -in his power to prevent the impending collision. But the approaching traveller, paying no heed, drives straight on and runs violently into him. Now can it be said that the injured traveller contributed to the collision, which he so persistently tried to avoid, by travelling as he did, because if he had not been trav-elling'the collision would not have occurred? Is not the collision rather an incident or concomitant of his travelling than its effect ? We think so. And if we add that the collision occurred on Sunday, and that the injured traveller was violating the Sabbath, we simply add a new tint to the moral complexion of the casualty, but we reflect no new light on its causes. The collision would have occurred just the same, if, instead of being engaged in violating the law, he had been going to or returning from church. He committed no fault in reference to the impending collision,
 
 *398
 
 and therefore no fault which, in contemplation of law, contributed to the injury which he received.
 

 We are conscious that the distinctions which we have indicated are not free from obscurity, and that they are such that one can easily go astray in reasoning upon them; but nevertheless we think they are real and apprehensible, clearly felt, even when they cannot be clearly expressed, and that they are as valid in law as they are in common sense. Of course it is immaterial, so long as the distinctions are not confounded, whether we call the act of travelling a cause or a condition of the injury. If, however, we call it a cause, then we have to distinguish between causes, and we have to hold that the act of travelling, though it is a cause, is not the immediate or proximate cause, which alone entails legal responsibility, and which alone, when contributed by the plaintiff, defeats his right of action, but is only a remote cause which will not be regarded by the law. In
 
 Jones
 
 v.
 
 Inhabitants of
 
 Andover, previously cited, the Supreme Judicial Court of Massachusetts seems to have recognized the distinctions which we have been endeavoring to elucidate, but it also seems either to have regarded them as immaterial or to have overlooked their materiality. Chief Justice Bigelow, in giving the opinion in that case, said: “It is true that no direct unlawful act of omission or commission by the plaintiff, done at the moment when the accident happened,
 
 and tending immediately to produce
 
 it, is offered to be shown in evidence. But it is also true that if the plaintiff had not been engaged in the doing of an unlawful act the accident would not have happened, and the negligence of the defendants in omitting to keep their road in proper repair would not have contributed to produce an injury to the plaintiff.” Now, with deference to the learned court, we think the act of travelling, though unlawful, could not propérly defeat the action on the ground that it was a contributory cause, unless it was one of the
 
 immediate
 
 causes of the injury. And in other cases involving the doctrine of contributory cause, this has been recognized by that court.
 
 Steele
 
 v.
 
 Burkhardt,
 
 104 Mass. 59 ;
 
 Spofford
 
 v. Harlow, 3 Allen, 176;
 
 McGrath
 
 v.
 
 Merwin,
 
 112 Mass. 467.
 

 There is a question which may hereafter arise, if the plaintiff was in point of fact travelling in violation of law when the collision occurred, namely, whether the defendant is entitled to
 
 *399
 
 prove it to defeat the action. The question is not now before us, but it is so closely allied to the question wbicb is before us that we do not think it improper to consider it.
 

 It will be seen at once that the proof is irrelevant, and therefore inadmissible, unless the law affords no redress to any person who is injured while transgressing it. But this is not so. A defendant who is sued in tort cannot justify the tort, whether wilful or negligent, by proving that the plaintiff, when injured, was transgressing the law, so long as the tort and the transgression are independent or disconnected, except in time and place, in their relation to each other.
 
 Welch
 
 v. Wesson, 6 Gray, 505 ;
 
 Steele
 
 v.
 
 Burkhardt,
 
 104 Mass. 59;
 
 Alger
 
 v.
 
 City of
 
 Lowell, 3 Allen, 402, 405;
 
 Dimes
 
 v.
 
 Petley,
 
 15 Q. B. 276 ;
 
 Hopkins
 
 v. Crombie, 4 N. H. 520;
 
 Bigelow
 
 v.
 
 Reed,
 
 51 Me. 325 ;
 
 Baker
 
 v. Portland, 58 Me. 199;
 
 Hoffman
 
 v.
 
 Union Perry Co.
 
 68 N. Y. 385.
 

 The view which we have taken of the principal question in this case, though it is at variance with Massachusetts decisions, is supported by many well considered decisions of other courts of the highest authority.
 
 Phila., Wil. & Balt. R. R. Co.
 
 v.
 
 Phila. & Havre de Grace Towboat Co.
 
 23 How. U. S. 209;
 
 Mohney
 
 v.
 
 Cook,
 
 26 Pa. St. 342;
 
 Davies
 
 v. Mann, 10 M. & W. 546 ;
 
 Norris
 
 v. Litchfield, 35 N. H. 271;
 
 Baker
 
 v.
 
 City of
 
 Portland, 58 Me. 199;
 
 Kerwhaker
 
 v.
 
 C. C. & C. R. R. Co.
 
 3 Ohio St. 172, 195;
 
 Sutton
 
 v.
 
 Town of Wauwatosa,
 
 29 Wis. 21. Among these cases we invite attention particularly to the last named, in which the question is discussed by Chief Justice Dixon with eminent acumen. The subject is also treated with characteristic candor and clearness by Judge Cooley in his recent valuable work on Torts.
 
 [1]
 
 He expresses the opinion that the weight of authority is now in favor of the conclusion which we have adopted. See also Wharton on Negligence, §§ 330, 381
 
 a,
 
 405, 995.
 

 We remark, in conclusion, that the law which the plaintiff is supposed to have been violating when he was injured is a statute of the Commonwealth of Massachusetts. The case has been argued as if we could take judicial cognizance of it. Of course we cannot do so. We have, however, treated the case as if we
 
 *400
 
 could; for it was for tbe advantage of the defendant for us to do so, and, in the view which we have taken, it could not do the plaintiff any harm. We may add that, if the collision had occurred in Rhode Island, our decision would not have been materially different either in reasoning or in result.
 

 Ballou f French,
 
 for plaintiff.
 

 Bosworth
 
 <f
 
 Qhamplin,
 
 for defendant.
 

 Petition granted.
 

 [1]
 

 Cooley on Torts, 152-158, see 157.