The City of Pueblo, Appellant, v. Smith, Appellee.

1. Municipal Corporations.

A city, by virtue of the powers granted to it, is bound to keep the avenues of travel within its jurisdiction in a reasonably safe condition for the ordinary mode of use to which they are subjected, and a corresponding liability rests upon the corporation to respond in damages to those injured by the neglect to perform that duty.

2. Use of Streets.

When a populous city grades and prepares its streets for use and throws them open to the public, it invites the public to use their whole width, and it cannot, after an injury is sustained in consequence of an obstruction in a portion of the street, say that part of such street was intended to be used and part not.

3. Negligence per se.

Knowingly suffering an obstruction, over which a wagon or carriage could not safely pass, to remain in a public and traveled street, is negligence per se on part of a city.

4. Contributory Negligence.

When contributory negligence is relied upon as a defense to an action for damages, that fact must be found from the evidence and circumstances independent of the mere fact that the plaintiff was at the time of the injury engaged in an illegal act.

*Appeal from the District Court of Pueblo County.*

Mr. G. M. Saunders, for appellant.

Messrs. Hartman & Glenn, for appellee.

Thomson, J., delivered the opinion of the court.

This was an action brought by J. H. C. Smith against the city of Pueblo, a municipal corporation, organized under the laws of the state of Colorado, to recover damages on account of injuries received by him, while driving in one of its public streets, in consequence of coming in contact with a large post set in the street, and protruding a considerable distance above the surface of the ground. The testimony of the plaintiff is, that about half past seven o'clock in the evening, of Octo-

ber 3, 1889, and after it was dark, he was driving along this street, when suddenly the buggy in which he was driving encountered a post and was upset, throwing him to the ground and severely injuring him.   He says that he was driving at a moderate gait, probably at the rate of a mile in seven or eight minutes; that he might have been going at a rate of ten or twelve miles an hour; but that his speed was " a moderate jog of a trot, such as ladies drive;" and that he had never seen the post and did not know of its existence.   The evidence for plaintiff is that the post was solidly set in the ground, was about twenty-seven inches high, and had been there for about two years before the accident; and although another portion of the street was most generally used for travel, yet that portion was also traveled, and used by the public for the passage of vehicles.   Defendant introduced an ordinance of the city of Pueblo which provides that, any person who shall ride or drive any horse, mule or other animal in or through any street within the city at a rate faster than six miles an hour, shall be guilty of a misdemeanor, and upon conviction shall be fined in a sum not less than three dollars, and not more than one hundred dollars.

The giving of instructions numbered one, two, four and eight by the court upon its own motion, and the refusal of an instruction requested by defendant, are assigned for error. In the argument the discussion is confined to the fourth and eighth instructions, and the instruction refused.   It seems to have been conceded that if there was such an obstruction as is alleged, defendant was chargeable with notice of its existence, because the instruction declaring the law upon that question was not objected to.   The first and second instructions submitted to the jury the question of defendant's negligence, and correctly state what may be considered in estimating the damages.   They are unobjectionable so far as we can see, and we presume were so regarded by defendant's counsel, as he gives them no attention in his argument.   Instructions four and eight are as follows:

" No. 4. The court instructs the jury that it was the duty

of the defendant, The City of Pueblo, to keep and maintain its streets free from obstructions artificially placed in the streets which would be dangerous to persons traveling upon the streets. Whatever rule of law might be applicable to public streets in the city that had not yet been formally accepted and opened for public use, or in the less frequented portions of the city, in the outskirts of the same, the city might be said to have performed its duty if it provided a safe and convenient traveling way, sufficiently wide for the accommodation of the public, and guarded against danger from the natural or artificial obstructions therein. But the court instructs the jury that in such portions of the city as are frequently traveled and are liable to be traveled, and where the city have accepted the street and graded the same, it is the duty to keep the same free from obstructions to the extent and for the entire width of that portion of the street between the gutters, which by its natural conformation is apparently set apart for public travel."

"No. 8. The court further instructs the jury, that while the answer does not allege contributory negligence as a defense, yet if they find from the evidence of the plaintiff himself, that the injury was occasioned by reason of his driving at a careless, negligent and high rate of speed, and that such act upon his part was the cause of the injury, and that he would not have suffered the same had he been driving at an ordinary and prudent rate of speed upon the public highway, he would be guilty of contributory negligence and could not recover, and it is a question of fact for you to determine from the evidence without regard to any rate of speed fixed by the city ordinances, as to what rate of speed in fact would be negligent."

The following is the instruction refused:

"No. 1. If the jury believe from the evidence at the time alleged in the complaint, and at the time the injury complained of is alleged to have occurred, plaintiff was violating an ordinance of the city of Pueblo, then in force, which said ordinance was introduced in evidence, by then and there driv-

ing upon and along a street in said city, at a rate of speed prohibited by said ordinance, to wit: at a rate of speed exceeding six miles per hour, it constituted negligence upon the part of the plaintiff."

" When municipal corporations are invested with exclusive authority and control over the streets and bridges, within their corporate limits, with ample power for raising money for their construction, improvement and repair, a duty arises to the public, by virtue of the powers granted, to keep the avenues of travel within such jurisdiction in a reasonably safe condition for the ordinary mode of use to which they are subjected, and a corresponding liability rests upon the corporation to respond in damages to those injured by a neglect to perform the duty." *City of Denver v. Dunsmore*, 7 Colo. 328.

The fourth instruction correctly states the law in regard to the duty of cities to keep and maintain their streets free from obstructions, which would be dangerous to persons traveling therein. This instruction is however objected to because, as counsel claims, it declares, as matter of law, that it is the duty of a municipal corporation to keep the entire width of its streets in repair; that the post, if it existed, was such an obstruction as to render the city liable for the injury it occasioned, and that that portion of the street shown to be in repair was not sufficient to accommodate travel thereon. By no analysis of the instruction can the implication be found that the portion of the street shown to be in repair was not sufficient to accommodate travel thereon. Neither do we think it can be fairly implied from the instruction that it is the duty of municipal corporations to keep and maintain the entire width of its streets in repair; or that the post, if it existed, was such obstruction as necessarily rendered the city liable for the injury occasioned, but, if these two propositions had been given to the jury in direct terms, we do not conceive that the instructions would be therefore erroneous. Whatever may be the rule applicable to small towns, or the country, when a populous city grades and pre-

pares its streets for use, and throws them open to the public, it invites the public to use their whole width, and it cannot say after an injury is sustained, in consequence of an obstruction in a portion of a street, that part of such street was intended to be used and part not. The purpose of opening a street is that it may be traveled; the duty of keeping it in a reasonably safe condition extends to one part as well as to another, and on principle we are unable to see why it should escape liability, because an obstruction causing an injury was placed on a particular portion of the street instead of somewhere else. *Montgomery v. Wright*, 72 Ala. 411; *Saltmarsh v. Bow*, 56 N. H. 428. The instruction however does not go to this extent, and there is evidence that the part of the city where the accident occurred, was actually used by the public, who avoided the post by going around it.

If the obstruction complained of had been comparatively trifling in its dimensions and character, so that it was doubtful if the passing over it of the wheels of a vehicle would occasion any injury, then it would have been for the jury to say, under proper instructions, whether permitting it to continue was negligence on the part of the city; but there is nothing doubtful about the obstruction described by the witnesses. We do not think that the wheels of a wagon or carriage could safely pass over a post eight by eight inches, or even less, firmly imbedded in the ground and projecting above the surface twenty-seven inches. Knowingly suffering such obstruction to remain in a public and traveled street was negligence *per se*, and to have so declared it would not have been error.

The remaining question arises out of the giving of the eighth instruction, and the refusal of defendant's instruction. In disposing of this, the effect of the ordinance upon the question of plaintiff's contributory negligence, is the only important matter to consider. The proposition submitted by defendant's counsel is, that " a city ordinance passed in pursuance of the power conferred by the legislature, has the force of an express statute, and every violator thereof is a

wrongdoer, and *ex necessitate*, negligent in the eyes of the law," and he argues further that, if the plaintiff was driving over the street at a greater rate of speed than six miles an hour, the city owed him no duty, and contributory negligence was conclusively established against him. This is not the law. If the plaintiff, while driving at a rate of speed in excess of that limited by the ordinance, had run into and injured some other person using the street, the evidence that his speed was illegal might have sufficient proof of negligence as against him in the first instance, although it would not be conclusive, and it would not excuse the contributory negligence of the person injured. Cooley on Torts (2d ed.), 804.

But it seems to be quite well settled that the fact that one is engaged in violating the law does not prevent him from recovering damages for an injury which could have been avoided by the exercise of ordinary care, unless the unlawful act contributed proximately to produce the injury. 2 Thompson on Negligence, 1161, and cases cited; Beach on Contributory Negligence, § 257.

In the case of *Baker v. Portland*, 58 Me. 199, this precise question was elaborately discussed. There, as here, the plaintiff was injured in consequence of a defect in a street, while driving over it. The ordinance made a rate of speed greater than six miles an hour unlawful. The defendant contended that the fact that plaintiff was in the act of violating the law at the time of the injury, was a bar to the right of recovery. The jury were instructed in that case as they were in this, that defendant's contributory negligence must be found by them independently of the mere fact that he was engaged in an illegal act. The court held that while the violation of the ordinance might subject the offender to a penalty, unless the commission of the act contributed to produce the injury, the negligence of the defendant was not thereby excused; and stated that the true question was whether plaintiff was using due and reasonable care under all the circumstances, or whether a want of care on his part contributed to produce the injury. The judgment of the court below was sustained.

The eighth instruction states the law applicable to this case correctly, and inasmuch as the instruction asked by defendant contains the proposition that driving along the street at a rate of speed prohibited by the ordinance, constituted negligence on the part of the plaintiff, it was properly refused. No error appears upon the face of the record, and the judgment must be affirmed.

*Affirmed.*