MARGARET JONES *vs.* NEW YORK, NEW HAVEN AND
HARTFORD RAILROAD COMPANY.

MINNIE LEAMAN *vs.* SAME.

Suffolk.   December 3, 1930. — March 31, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence*, Railroad, Contributory, Motor vehicle, Violation of statute.
.  *Practice, Civil*, Requests, rulings and instructions, Charge to jury,
Exceptions.

Evidence, at the trial of an action by a woman against a railroad corpo-
ration for personal injuries received in a collision of a passenger train
of the defendant with an automobile which the plaintiff was driving
on a crossing of the railroad with a public way at grade, was that, as
the plaintiff approached the crossing, with which she was familiar,
she saw the train standing at a nearby station at her left and a flag-
man a little way from his shanty talking to a man on the tracks; that
about fifteen feet from the crossing she brought the automobile to a stop
with its engine still running; that the flagman gave her a beckoning
signal with arm and hand to proceed; and that thereupon, without
first looking again to her left, she started across, then looked to her
left, saw the train "almost on top of her" when the front wheels of
her automobile were on the track, heard a loud blast and became un-
conscious.  The evidence was contradicted.  *Held,* that
    (1) There was evidence of negligence of the flagman;
    (2) It could not be ruled as a matter of law that negligence of the
plaintiff contributed to her injury.
A companion of the driver of the automobile, who also brought an action
against the railroad corporation in the circumstances above described
and testified that he relied on the driver to look out for him, was
entitled to recover if the driver was found to have been in the exercise
of due care.
At the trial of the actions above described, there was evidence which, if
believed, showed that the driver of the motor vehicle did not "pro-
ceed cautiously" in going upon the crossing, and the defendant re-
quested a ruling that, if the plaintiff who drove the automobile failed
to proceed cautiously over the crossing, she was acting in violation
of law and that, if such violation contributed to the collision, she was
not entitled to recover.  The judge refused to give the ruling, read
G. L. c. 90, § 15, to the jury and said that it applied to the plaintiffs,
and that whether the plaintiff driver was cautious in approaching the
crossing was to be taken into consideration in determining whether

the plaintiffs were negligent, but said nothing more on that subject. *Held*, that

(1) Violation of the statute, if found by the jury, was something more than mere evidence of contributory negligence; if it had a causal connection with the injuries sustained by the plaintiffs, it barred them from recovery;

(2) The ruling was a correct statement of the law, did not fall within that class of requests which properly are ignored as directed to fragments of testimony, and should have been given in substance;

(3) The instruction given was inadequate and incorrect as applied to a conceivable view of facts which properly might have been found on the evidence;

(4) The error was harmful, and exceptions by the defendant were sustained.

Two ACTIONS OF TORT for personal injuries. Writs dated, respectively, November 26 and December 7, 1926.

In the Superior Court, the actions were tried together before *Beaudreau*, J. Material evidence and a ruling requested by the defendant and refused by the judge are stated in the opinion. There were verdicts for the plaintiffs respectively in the sums of $4,500 and $750. The defendant alleged exceptions.

*E. J. Phillips*, (*H. Lawlor* with him,) for the defendant.

*G. R. Farnum*, (*J. J. O'Neill* with him,) for the plaintiffs.

RUGG, C.J. These are actions of tort to recover compensation for personal injuries sustained by the plaintiffs as a result of a collision between an automobile in which they were riding and a passenger train of the defendant at a railroad grade crossing of a public way at about dusk of an October afternoon. The actions are at common law and the grade crossing statute, G. L. c. 160, § 232, is not involved.

The causative negligence of the defendant alleged in each declaration is careless operation and propulsion of the locomotive, without proper notice and safeguards, against the plaintiff. Evidence was admitted without objection tending to show that the causative negligence of the defendant was conduct of its crossing tender. No question of variance between allegation and proof was raised. The cases will therefore be considered, as they have been argued, on the footing whether on all the evidence the plaintiffs

were entitled to go to the jury. Any insufficiency in pleading might have been cured by amendment. *Pizer* v. *Hunt*, 253 Mass. 321, 331, 332.

The plaintiffs, who were sisters, were familiar with the grade crossing and had been over it many times. The automobile was being driven by the plaintiff Margaret Jones. Her testimony, so far as material to the grounds of this decision, was in effect that on approaching the crossing she observed the train standing still at the station and that she then proceeded slowly until within about fifteen feet of the crossing, when she stopped and again noticed the stationary train; that she then saw a man who appeared to be a gateman or flagman standing a little way from the shanty, and that he came from the shanty toward the tracks and "was standing there talking to a man on the tracks" a little to her right, the train and station being on her left; that, after she came to a stop, the engine of her automobile still running, the flagman gave her a beckoning signal with arm and hand to come on; that, without first looking again to her left, she started across, then looked to her left, saw the train "almost on top of her" when the front wheels of her automobile were on the track, heard a loud blast and became unconscious. The train was proceeding on the track nearest to the plaintiffs as they approached the crossing. The testimony of the other plaintiff was corroborative of the narrative already summarized. These two were the only eyewitnesses of the accident who testified in behalf of the plaintiffs.

The defendant called an array of witnesses, who gave an entirely different description of the accident so far as concerned its vital features. It is not necessary to summarize this testimony because it is familiar law that it is not our province to weigh testimony on exceptions, but the evidence must be considered by this court after verdict in its aspect most favorable to the prevailing party.

Motions for directed verdicts in favor of the defendant and certain of its requests for rulings were denied. Exceptions were saved to these denials and to portions of the charge inconsistent with the requests.

No discussion is required to demonstrate that, if the testimony of the two plaintiffs be believed, there was negligence on the part of the flagman in inviting the plaintiffs into a place on the tracks of the defendant which he must or should have known to be one of imminent peril. Reliance upon the conduct of the flagman by the plaintiffs would also have warranted a finding of due care on the part of the plaintiffs in view of their testimony to the effect that but a moment earlier they had seen the train standing still at the station. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368. *Johanson* v. *Boston & Maine Railroad,* 153 Mass. 57, 60. *Sullivan* v. *Boston & Maine Railroad,* 242 Mass. 188, 192, 193, and cases cited.

The plaintiff who was not driving the automobile, having testified that she relied on her sister to look out for her, was entitled to recover if that sister was found to be in the exercise of due care. *Shultz* v. *Old Colony Street Railway,* 193 Mass. 309, 323.

It follows that the motions for directed verdicts in favor of the defendant were denied rightly.

The defendant requested the ruling that, if the plaintiff Margaret Jones failed to proceed cautiously over the crossing, she was acting in violation of law and, if such violation contributed to the collision, she is not entitled to recover. This request is based on G. L. c. 90, § 15, whereby it is required that one "operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing," with penalty for violation. There was testimony introduced on behalf of the defendant which, if believed, tended to show that the driver of the motor vehicle did not "proceed cautiously" in going upon the crossing. The trial judge refused to give this ruling. He read the statute to the jury and said that it applied to the plaintiffs, and that whether Margaret Jones was cautious in approaching the crossing was to be taken into consideration in determining whether the plaintiffs were negligent, but said nothing more on that subject. Said § 15 has not been much discussed in our decisions. It was under consideration

in *Fortune* v. *New York, New Haven & Hartford Railroad*, 271 Mass. 101. That was an action under .G. L. c. 160, § 232, to recover compensation for injury to person or property sustained by "collision with the engines or cars of a railroad corporation at a crossing such as is described in section one hundred and thirty-eight," and where it might have been found "that the corporation neglected to give the signals required by said section, and that such neglect contributed to the injury." It was held that violation of G. L. c. 90, § 15, prevented recovery because it thereby appeared that the plaintiff was at the time of the collision "acting in violation of law, and that such . . . unlawful act contributed to the injury" and hence by the express terms of the latter part of said § 232 could not recover. The cases at bar are not actions under said § 232, but are actions at common law. In an ordinary action of tort at common law to recover compensation for personal injuries, violation of a penal statute by the plaintiff at the moment of injury is a factor to be regarded. Its relation to the rights of the plaintiff was exhaustively considered, with a full review of pertinent authorities, in *Bourne* v. *Whitman*, 209 Mass. 155, by the court speaking through Chief Justice Knowlton, at page 167: "It has been established from early times that one who is violating a criminal law cannot recover for an injury to which his criminality was a directly contributing cause." The rule there stated with amplifications is in substance that a plaintiff engaged in a criminal act at the time of sustaining injury through the negligence of another is not thereby necessarily precluded from recovery. He is precluded from recovery provided the element of criminality involved in that act and intended to be punished by the law has direct contributory effect in bringing on his injury. He may recover (if the other essentials of liability are established) provided the element of criminality involved in that act and intended to be punished by the law did not have a direct contributory effect in bringing on his injury. The law on its civil side will not aid a violator of the criminal law in seeking relief from the consequences of his own transgression. But it will not deny relief if the illegal factor of a plaintiff's conduct has no causal

connection with the injury for which he seeks compensation. The distinction is often said to be between an illegal act which is a mere condition and an illegal act which is a contributing cause. This doctrine has now become firmly fixed and has been followed in numerous decisions. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, 499. *Walters* v. *Davis*, 237 Mass. 206, 209. *Boyd* v. *Ellison*, 248 Mass. 250, 254. *Cannon* v. *Bassett*, 264 Mass. 383, 385. *Widronak* v. *Lord*, 269 Mass. 238, 240. *Cook* v. *Crowell*, 273 Mass. 356, 359.

The ruling requested by the defendant and denied by the trial judge was a correct statement of the law. The instruction given on that point was inadequate and incorrect as applied to a quite conceivable view of the facts. It did not cover the ground. Violation of the statute, if found by the jury, was something more than mere evidence of negligence; if having a causal connection with the injuries of the plaintiffs, it barred them from recovery. The request was pertinent to the evidence and vital to the issues on trial. It ought to have been given in substance. This request does not fall within the class of requests which may be ignored as directed to fragments of testimony. It stated a general principle essential to a correct understanding of the rights of the parties. *Buckley* v. *Frankel*, 262 Mass. 13, 15, 16. *O'Connor* v. *Hickey*, 268 Mass. 454. This request was something different from the general subject of contributory negligence and from the burden of proof as to contributory negligence. It related to specific conduct of the driver of the automobile, which, if found by the jury to exist, would be a bar to recovery by the plaintiffs. The refusal to give it was not harmless error. It affected the substantial rights of the defendant.

The other requests were denied rightly. They were in substance and effect other forms of requests for a directed verdict.

*Exceptions sustained.*