## No. 16,781.

### HAVIS v. IACOVETTO.
(250 P. [2d] 128)

Decided October 27, 1952.   Rehearing denied November 17, 1952.

Mr. WALTER H. ANDERSON, Mr. ELMO BRADLEY, for plaintiff in error.

Messrs. JANUARY & YEGGE, Mr. FRED A. VIDEON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error was plaintiff in the lower court, where he filed his complaint seeking damages for personal injuries received as a result of being a passenger in automobile, driven by defendant, which turned over on the highway between Artesia, Colorado and the Utah state line on September 15, 1950; he alleged therein that he was a passenger for hire and that the accident was caused by the negligence and carelessness of defendant in the operation of the automobile.

Defendant answered, admitting that the automobile driven by defendant turned over; denying that plaintiff sustained the damages alleged; asserting that plaintiff was a guest of defendant, and the Colorado guest statute, section 371, chapter 16, volume 2, '35 C.S.A., was pleaded; and denying negligence on the part of defendant. Trial was had to the court. At the conclusion of plaintiff's case, counsel for defendant moved for dismissal of plaintiff's complaint for the reason that the evidence was insufficient to establish that plaintiff was an employee of defendant, and was, therefore, not a passenger for hire; further, for the reason that the Colorado guest statute was applicable to the case; and that plaintiff had failed to allege and prove an intentional injury or a wilful and wanton disregard of plaintiff's rights; and finally, argues that if plaintiff was an employee of defendant, the relation was predicated upon an engagement or contract relative to an illegal and unlawful act against the state of Colorado, namely, gambling.

The trial court, in granting the motion, made the following finding: "If he was an employee and the activity

in which he was engaged at the moment and at the time was legitimate and lawful, then he was a passenger for hire. * * * He has not sued under the guest statute. He does not claim to have been a guest. You can leave that out of the situation. The first consideration is if there be a prima facie showing of negligence, ordinary negligence. Assuming that that's resolved in the affirmative, may the plaintiff still recover? Does the illegality of the transaction engaged in at the time defeat recovery? He's a passenger for hire, it says in the complaint. The only way he can be a passenger for hire is as a result of employment by the defendant. The employment involved is an illegal enterprise, as you say. * * * The motion will be granted. The case will be dismissed."

The evidence discloses that defendant operated a poolhall in Artesia, Colorado; that plaintiff had lived there for some considerable time; that in July, prior to the accident in September, defendant operated gambling tables at the Brown Derby Bar in Vernal, Utah, a short distance from the Colorado state line, during a rodeo performance; that plaintiff worked for defendant during that time, receiving ten dollars per day for the first two days and seventeen dollars for the third day; that on or about the 13th day of September, defendant told plaintiff at his place in Artesia, Colorado, that he had a concession and was going back over to Vernal and would operate the gambling games and wanted plaintiff to go with him, and later, at approximately the same time and place, he would open up at the Brown Derby; that he would go to Vernal the next morning and told plaintiff to meet him at his place in Artesia the next morning; that pursuant to the conversation, plaintiff met defendant and they proceeded to Vernal, arriving there shortly before or just about the time the gambling equipment arrived on a truck from Artesia; that the gambling operations went on the first day and until about 10:00 o'clock at night, when plaintiff and defendant returned to Artesia; on the second day, they made the trip back to

Vernal, and the gambling operations were carried on until about the same time that night, when plaintiff and defendant again left Vernal in defendant's automobile to return to Artesia; that it was about thirty-five miles from Vernal to Artesia; that on the night of the accident, September 15, there had been, and were, several showers of rain; plaintiff testified to the effect that while he did not notice the speedometer, he thought about the speed defendant was traveling, but could not give an accurate estimate of the speed and said nothing about it; that he was awake all of the time; and finally, the automobile began to skid and turn around and turned over up against a fence off the highway; and plaintiff received the injuries set out in his complaint. The accident occurred sometime between eleven o'clock P. M. and midnight and a patrol officer viewed the scene of the accident at about noon of the next day. He testified that defendant said he was blinded by the lights of another automobile; that there were tracks of his automobile for a distance of over two hundred feet straight along the shoulder of the highway; then the automobile turned across the highway and skidded in various directions approximately another three hundred feet, where it left the highway on the opposite side of the road and traveled ninety some feet through a barrow pit to the fence, where it turned over. Plaintiff testified that after his injury, and while he was in the hospital, defendant came to see him and paid him twenty dollars.

While plaintiff did not, by his complaint, base his action under the guest statute, the trial court seemed to apply the guest statute and hold that plaintiff was a passenger for hire under the circumstances; that the contract of employment, or hire, was an illegal contract in that it was for the purpose of engaging in an unlawful enterprise, and thereby plaintiff's rights were defeated. This, of course, was based on the assumption that gambling was illegal in the state of Utah.

■ Apparently the trial court determined, and from the testimony was justified in doing so, that plaintiff was a passenger for hire in defendant's automobile, and then determined that the contract, or engagement, was illegal, and therefore plaintiff's complaint should be dismissed. This finding, of course, removed the case from the application of the guest statute. Plaintiff should not be denied relief if the illegal factor contended for by defendant, and sustained by the court, had no causal connection with the injury of which complaint is made. We fail to see from the evidence before the court that the gambling operations in Utah were a contributing cause, on the other hand, they appear to be wholly disconnected therewith. This is not an action on an alleged illegal contract, and the rule in such cases has no application here.

■ We are supported in this view by numerous cases of the various jurisdictions as well as the text writers. In 38 American Jurisprudence, section 214, page 899, we find the following: "The law should not absolve from responsibility the perpetrator of a private wrong solely because the injured party may have violated a penal law which violation in no way contributed to his injury. An act of the plaintiff, although unlawful, does not place him outside the protection of the law as to an injury sustained by him through the negligence of another, unless the unlawful act has some causal connection with the injury." And the following cases are in support of the principle: *Martin v. Carruthers,* 69 Colo. 464, 195 Pac. 105; *Arps v. Denver,* 82 Colo. 189, 258 Pac. 1094; *City of Pueblo v. Smith,* 3 Colo. App. 386, 33 Pac. 685; *Jones v. New York, N.H. & H. R.R. Co.,* 275 Mass. 139, 175 N.E. 487; *Arnold v. Owens,* 78 F. (2d) 495.

The outcome of this case rests entirely in the field of negligence. The defenses herein contended for and hereinbefore discussed are not available to defendant, therefore, the court was in error in dismissing plaintiff's complaint for the reasons stated by the court, and we therefore determine that the judgment of dismissal should be

reverséd and the cause remanded for trial in accordance with the indications of this opinion.

The judgment is reversed and the cause remanded with directions.