MARY A. O'CONNOR, administratrix, *vs.* ARTHUR J. HICKEY.

Suffolk.     February 6, 1929. — September 11, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Law of the Case. Negligence,* Plaintiff's due care: Contributory; In use of way. *Horse. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Charge to jury. *Words,* "Due care," "Contributory negligence."

The question, whether as matter of law the evidence required the submission to the jury of the issues of due care of the plaintiff's intestate and of negligence of the defendant, was foreclosed in favor of the plaintiff at a retrial of an action of tort by an administrator for causing conscious suffering and the death of his intestate, where it appeared that, upon exceptions saved by the defendant at a former trial, this court had determined that those issues were for the jury and the evidence upon those issues at the retrial was not essentially different.

At the trial of an action of tort by an administrator for the causing of conscious suffering and the death of his intestate, who was run into by a runaway horse of the defendant, there was evidence that the accident happened at a busy and somewhat noisy street corner; that the intestate, of advanced years and defective eyesight and hearing, had started across the street and had come within seven or eight feet of the farther curb when he was struck and rendered unconscious; and that, in conscious intervals before his death, he had stated that he did not know what struck him and did not know how the accident happened. *Held,* that

(1) A contention by the defendant, that the evidence was not sufficient to warrant a finding of actively intelligent and energetic attention to safety on the part of the intestate, was not relevant to the facts supported by the evidence;

(2) The presumption of due care created by G. L. c. 231, § 85, was not inapplicable as a matter of law.

Due care and contributory negligence on the part of a person injured or
   killed through the negligence of another are correlative terms; one
   states his essential positive duty with reference to his own safety and
   the other his failure in performance of that duty; both imply conduct
   touching the proximate cause of his injury.
As a practical guide to a jury or other fact finding tribunal, there is no
   distinction between the words "due care," describing the presump-
   tion as to the conduct of the plaintiff, and "contributory negligence,"
   describing the burden of proof resting upon the defendant, as they are
   used in G. L. c. 231, § 85; and it was proper for the judge at the trial
   of the action above described to refuse to attempt to draw any dis-
   tinction between the two in stating that the burden of proof in that
   particular rested upon the defendant.
An exception will not be sustained to a refusal by a trial judge at a trial
   to instruct the jury with relation to the weight or significance of an
   isolated part of the evidence.

TORT for causing conscious suffering and the death of
William O'Connor, the plaintiff's intestate, who was run
into by a runaway horse of the defendant. Writ dated
April 17, 1924.

The action previously was before this court, when excep-
tions saved by the defendant at a trial before *Macleod*, J.,
were sustained by a decision reported in 260 Mass. 110.

The action again was tried before *Callahan*, J. There
was evidence that the plaintiff's intestate at the time of the
injury was seventy-two years of age, using a cane; that his
eyesight had been poor for many years and slightly cloudy
at the cornea for ten years; that he had been totally deaf
in his right ear for ten years more or less and that his left
ear had been getting worse steadily; that the accident
happened a little after six o'clock on December 27, 1923,
at the corner of F Street and Broadway in that part of
Boston known as South Boston, which at that time was
a busy corner and somewhat noisy; that the plaintiff's
intestate just before being struck had been proceeding slowly
across the street and had come within seven or eight feet
of the farther curb when he was struck; that after the
accident the plaintiff's intestate was taken to a hospital,
where he subsequently died, and that, at conscious inter-
vals at the hospital, he had stated that he did not know
what struck him and did not know how the acccident
happened.

Other material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. The defendant asked for the following rulings among others:

"15. (a) It is common experience that dumb animals when not under the immediate control of caretakers, act from instinct or habit, and are more likely under particular circumstances to follow their usual bent than to start on a new course of conduct.

"16. It could not reasonably be inferred from the fact that the horse was left at or about its usual feed time, that the horse ran away because of hunger.

"17. It is not negligence to leave a horse accustomed to the city streets near the curb and near the street railway cars."

With respect to the request numbered 15a, the judge stated to the jury: "I think I have given it but counsel evidently thinks I did not. You may take into account how far the driver, William Hickey, could rely upon his previous experience in determining how this horse would act from instinct or habit, or whether — well, I will let it rest that way, — so far as such instinct and habit was known to him."

The other requests by the defendant were denied. On the question of proof of due care of the plaintiff's intestate, the judge charged the jury as follows: "Now, it must appear that the plaintiff's intestate, William O'Connor, was in the exercise of due care. Do not misunderstand me. The rule in this case is the same as it has been stated to you in other tort cases. On the issue of the injured person's due care the burden is upon the defendant to satisfy you that the person injured was not in the exercise of due care . . . [there then followed a review of the evidence on the subject] . . . . Was the old man exercising due care under the circumstances which are before you, and which of course you will consider? If the defendant has sustained the burden of proving that he was not in the exercise of due care, then of course that ends the case. It would be your duty to return a verdict for the defendant under both

counts. On the other hand, if the defendant has not sustained that burden of proof you would be justified in finding that he was in the exercise of due care and you would proceed to the question of the negligence of the driver."

As to the charge, the defendant saved an exception to instructions "that the burden is on the defendant to satisfy . . . the jury that the person, the intestate, was not in the exercise of due care," his counsel insisting that "the burden is always on the plaintiff to establish his due care, that unless the jury are satisfied on all of the evidence that the plaintiff was in the exercise of due care, or if the scales are even, then the finding must be for the defendant. On the other hand . . . the burden of proof in contributory negligence is on the defendant."

Upon the defendant's saving an exception to a statement in the charge, in substance that they the jury could consider whether the driver should have taken into consideration the possibility that the reins might have become entangled about the horse and caused him to bolt, the judge stated to the jury, "You need not consider what I said concerning the possibility of the reins being entangled on the horse's body or with his legs."

No other exceptions to the charge were saved. There was a verdict for the plaintiff on the count for causing death in the sum of $4,900 and on the count for conscious suffering in the sum of $500. The defendant alleged exceptions.

*J. T. Pugh*, for the defendant.

*S. P. Sears*, for the plaintiff.

RUGG, C.J. When this case was here before, 260 Mass. 110, it was settled that the issues of the due care of the plaintiff's intestate and the negligence of the servant of the defendant were questions of fact for the jury. In legal aspects material to those issues, the evidence on the present record is not essentially different from that at the former trial. It would be futile to review the evidence or repeat the discussion. Those issues are foreclosed in favor of the plaintiff.

The defendant has argued that the evidence is not sufficient to warrant a finding of actively intelligent and energetic attention to safety required in cases of this nature, relying

in this connection upon *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510, 521, and *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 470. That contention cannot be supported. It is not relevant to the facts of the case at bar. The presumption of due care created by G. L. c. 231, § 85, in any event is coextensive with the requirement as to due care expounded in the Hudson case. That presumption was not inapplicable as matter of law to the case at bar. *Mercier* v. *Union Street Railway*, 230 Mass. 397, 403, 404. The case on this point is covered by the authority of *King* v. *Weitzman*, 267 Mass. 447, 450.

There was no error in the charge to the effect that the burden of proof of showing want of due care of the decedent was on the defendant. By G. L. c. 231, § 85, in all actions "to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defence to be set up in the answer and proved by the defendant." Contributory negligence on the part of a person injured or killed through the negligence of another is want of due care in respect to the cause of the injury or death and is itself conduct having a share in bringing on the harm. Want of due care by the person injured, touching the cause of his injury resulting from the negligence of another, is contributory negligence. Due care and contributory negligence on the part of a person injured or killed through the negligence of another are correlative terms; one states his essential positive duty with reference to his own safety and the other his failure in performance of that duty; both imply conduct touching the proximate cause of his injury. They relate to the causal connection between his conduct and his injury, with respect to the tortious conduct of the defendant. Due care in this connection means that care for his own safety required by the law. Contributory negligence means violation of the duty to care for one's own safety which exists at least in those cases where a person who has sustained an injury seeks to fasten liability for that injury upon some other person. The statement from *Bergeron* v. *Forest*, 233

Mass. 392, at page 399, viz.: "Negligence consists in doing or omitting to do an act in violation of a legal duty or obligation due to the person sustaining injury" upon which the defendant relies as drawing a distinction between due care and contributory negligence does not support that distinction. That statement is equally descriptive of the contributory negligence of the plaintiff and of the positive negligence of a defendant. The conventional definition of due care as the kind and degree of care that persons of ordinary prudence would exercise in the same circumstances of place, time, and attendant conditions in its practical application to the trial of cases is not an abstraction. It is practical, specific, definite. It is descriptive of conduct with reference to the cause of action on trial, not with reference to unrelated matters. It is conceivable that a plaintiff in an action for negligence might be wanting in due care with respect to an indifferent matter and yet be in the exercise of due care with respect to the cause of the injury inflicted on him through the negligence of the defendant. Negligence which does not contribute to the injury is immaterial and irrelevant. *Marble v. Ross*, 124 Mass. 44, 48. The contention of the defendant as stated in his brief is that contributory negligence "implies some act of the plaintiff in violation of some duty of plaintiff to defendant, which act cooperating with the defendant's negligence, or violation of his duty to the plaintiff, contributed to the accident." Possibly that contention interpreted in a highly technical sense may mean that violation of a duty owed by the plaintiff to the defendant, not actually causing or likely to cause injury to the defendant exercising due care, nevertheless is wanting in due care to the extent of having a causal connection with the injury to the plaintiff arising from negligent conduct of the defendant. If it means that, there are two fatal objections to it: (1) it is too refined to be of any practical value; (2) it is not sound in law because contributory negligence in the sense used in said § 85 refers to conduct of the plaintiff with reference to his own injury and not with reference to a duty owed by him to the defendant. The quoted contention of the defendant interpreted in its natural signification means that the violation by the

plaintiff of some duty to the defendant must be of such nature as might be the foundation of an action sounding in negligence by the defendant against the plaintiff.    In that sense it does not correctly state the law.    The "contributory negligence" of the plaintiff as used in said § 85 does not necessarily refer to an act constituting a definite wrong against the defendant which might of itself constitute a cause of action by the defendant against the plaintiff.    It may comprehend such an act.    But the essential factor in contributory negligence under said § 85 is an act wanting in due care which of itself has a causal connection with the injury suffered by the plaintiff, wholly regardless of the point whether it was an independent wrong against the defendant.    The failure of a plaintiff to exercise due care was described as negligence by Shaw, C.J., in *May* v. *Princeton*, 11 Met. 442, 444.    It was said in *Railroad Co.* v. *Gladmon*, 15 Wall. 401, 406: "While it is true that the absence of reasonable care and caution, on the part of one seeking to recover for an injury . . . will prevent a recovery, it is not correct to say that it is incumbent upon him to prove such care and caution.    The want of such care or contributory negligence, as it is termed, is a defence to be proved by the other side."    The instances are not infrequent where "want of due care" has been used to describe negligence. That description often has been deemed sufficient for the purposes of a particular decision.    *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368.    *Minor* v. *Sharon*, 112 Mass. 477, 487.    *Jager* v. *Adams*, 123 Mass. 26, 27.    *Railroad Co.* v. *Jones*, 95 U. S. 439, 441, 442.    Of course it is not a complete and accurate definition of negligence to say that it is conduct wanting in due care.    To make that definition other elements must be stated, as violation of duty and causal connection with injury.    *Bernabeo* v. *Kaulback*, 226 Mass. 128.    *Mammott* v. *Worcester Consolidated Street Railway*, 228 Mass. 282, 284.    *Altman* v. *Aronson*, 231 Mass. 588, 591. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 571.    *Northern Pacific Railway* v. *Adams*, 192 U. S. 440, 449, 450.    But it is not necessary in judicial opinions or in statutory enactments to define completely every term used.

It follows that in the case at bar as a practical guide to a

jury or other fact finding tribunal, as the words are used in said § 85 there is no distinction between "due care" describing the presumption as to the conduct of the plaintiff and "contributory negligence" describing the burden of proof resting upon the defendant. *Powers* v. *Loring,* 231 Mass. 458, 460, 461. The trial judge rightly made no attempt to draw any distinction between the two in stating that the burden of proof in that particular rested upon the defendant.

There was no error in the reference in the charge to the circumstance among others that the horse of the defendant was left standing unhitched at a time when the pangs of hunger might be operative. That was a factor needing no express proof beyond the time of its last feeding. It might be thought by the jury as entitled to weight. *Turner* v. *Page,* 186 Mass. 600. *Hayes* v. *Wilkins,* 194 Mass. 223. *Johnstone* v. *Tuttle,* 196 Mass. 112.

There was no error in the refusal to give the requests of the defendant. Whether it was negligence to leave the horse unhitched and unattended at a street curb, near the end of his work for the day, in a place of much traffic was in all the circumstances a question of fact. All the contentions argued by the defendant have been considered and no error is disclosed.

*Exceptions overruled.*