## FRANK H. JONES *vs.* ISADORE PLOTKIN.

Worcester.   September 22, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence*, In use of way, Motor vehicle, Contributory.

At the trial of an action of tort for personal injuries suffered by the plaintiff in a collision between an automobile driven by him and a motor truck driven by an employee of the defendant, the judge denied a motion that a verdict be ordered for the defendant and the defendant alleged an exception, contending that the plaintiff as a matter of law was guilty of contributory negligence. It appeared that the collision was on "the worst driving day of the winter," that there was much sleet, rain and snow and a mist; that previous to the collision the plaintiff had removed chains from the wheels of his automobile; that, as he approached a curve in the way, his windshield was clear and he was travelling on the right-hand side of the way at the rate of twenty to twenty-five miles per hour, when he saw the truck, approaching about three hundred fifty to four hundred feet away, turn abruptly, cutting the corner diagonally, so that before the accident the truck was on its left side of the road; that the left wheels of the plaintiff's automobile were about three feet from the white line on the road and on the plaintiff's right-hand side of it; that the driver of the truck when eight or ten feet from the plaintiff looked out around the windshield and made a quick turn to regain the center of the road but was unable to do this before the collision occurred; that at the place of the accident the road surface was covered with fine snow, ice and sleet; that the plaintiff's brakes were not applied, but the engine was used to make the automobile go as slowly as he could, and he did everything that he could to stop; and that when about forty or fifty feet from the truck he sounded his horn. The plaintiff testified that he believed an accident to be imminent when the truck was two hundred feet away; that the removal of his chains prevented the automobile from skidding or sliding upon the road; that in the circumstances the engine would hold the automobile better than brakes and that the engine acted as a brake; and that he was prevented from turning into a shoulder at the side of the way because the truck kept going that way. *Held*, that the question, whether the plaintiff was guilty of contributory negligence, was for the jury, and that the defendant's motion properly was denied.

TORT for personal injuries.   Writ dated February 15, 1928.

In the Superior Court, the action was tried before *Broadhurst*, J. Material evidence is stated in the opinion. A motion by the defendant that a verdict be ordered in his favor was denied. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

*J. J. MacCarthy*, for the defendant.

*W. M. Quade*, for the plaintiff.

SANDERSON, J. This is an action of tort for damages to the plaintiff's automobile resulting from a collision. It was tried with four cross actions, two of which were for personal injuries, one for medical expenses and one for damages to the defendant's motor vehicle caused by the same collision. The jury returned verdicts for the defendant Jones in the cross actions and for the plaintiff in this action. The defendant herein excepted to the denial of his motion for a directed verdict based solely on the ground that as matter of law the plaintiff's negligence was a contributing cause of the accident. He relied in support of this contention upon the testimony of the plaintiff. The jury were permitted to view the premises.

On February 9, 1929, described as "the worst driving day of the winter," the plaintiff was operating a sedan on a highway between Westminster and Gardner. Much sleet, rain and snow were falling and freezing, and at the time of the accident a mist was in the air. The automatic windshield wiper on the plaintiff's automobile was working but would not keep the windshield clear. When within about two and one-half miles from the place of the accident the plaintiff stopped and cleaned his windshield, and it was clear at the time of the collision. At the place of the accident there is a curve in the road, and the plaintiff observed the defendant's truck coming from the opposite direction about three hundred fifty to four hundred feet away when about to enter upon the curve. He saw it turn abruptly, cutting the corner diagonally, so that before the accident the truck was on its left side of the road and the left wheels of the plaintiff's automobile were about three feet from the white line on the road and on the plaintiff's right hand side of it. The plaintiff had been going at the rate of twenty to

twenty-five miles an hour and slowed down gradually to about ten. The driver of the truck when eight or ten feet from the plaintiff looked out around the windshield and made a quick turn to regain the center of the road but was unable to do this before the collision occurred. The windshield of the truck was covered with ice at the time. The truck was then going at the rate of about twenty-five miles an hour. The damage to the plaintiff's automobile was in the front between its center and right side. It was struck by the left corner of the front of the truck. At the place of the accident the road surface was covered with fine snow, ice and sleet. The accident occurred almost opposite the west line of an intersecting street. On the plaintiff's right side of the road was an open lot sloping down with low bushes and trees. At the time of the collision the truck was entirely on its left side of the road, and the plaintiff's automobile was entirely on its right side of the road, not turned in either direction as it approached the truck, and moving at the time of the accident. His brakes were not applied, but the engine was used to make the automobile go as slowly as he could, and he did everything that he could to stop. When about forty or fifty feet from the truck he sounded his horn. The plaintiff testified that on the day in question with the road conditions as they were the engine would hold the automobile better than brakes and that the engine acted as a brake. When some miles from the place of the accident the plaintiff removed chains from the wheels. He testified that this prevented the automobile from skidding or sliding upon the road. There was a shoulder on the plaintiff's right side of the road, but he was prevented from turning into it because the truck kept going that way. He was travelling nearer the right-hand edge of the road than the middle and as far over to the edge as he dared to go. He testified that he believed an accident to be imminent when the truck was two hundred feet away.

Negligence of the defendant would not relieve the plaintiff from his duty to exercise reasonable care for his own safety, *Sutherland* v. *Caruso*, 258 Mass. 513, 515, but upon

the evidence the judge could not rule that the defendant had sustained the burden of proving contributory negligence of the plaintiff. The road surface was slippery, and the plaintiff's explanation of his reason for removing the chains from the wheels before the accident, for not applying the brakes but relying on the engine to stop the car, for not turning out of the road or changing his course, for not bringing the automobile to a full stop before the accident, made the question of his due care one of fact for the jury. It was also for them to decide whether he was negligent in failing to give the defendant more warning of his presence on the road than he gave. The case is distinguishable in its facts from *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392, and *Loyle* v. *Boston Elevated Railway*, 260 Mass. 404.

*Exceptions overruled.*