### HENRY W. DURLING *vs.* JOHN J. LAMONTAIN.

Worcester.   December 10, 1931. — December 10, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way.

The questions, whether the defendant was negligent and the plaintiff guilty of contributory negligence, were *held* to have been for the jury on all the evidence at the trial of an action for personal injuries sustained when the plaintiff, a pedestrian crossing a street on a crosswalk on a rainy night, was struck when nearly across by an automobile operated by the defendant.

TORT.   Writ dated December 31, 1928.

The action was tried in the Superior Court before *Brown*, J.  Material evidence is stated in the opinion.  The judge denied a motion by the defendant that a verdict be ordered in his favor.  There was a verdict for the plaintiff in the sum of $3,000.  The defendant alleged an exception.

The case was submitted on briefs.

*J. C. McDonald*, for the defendant.

*A. J. Kittredge & C. Mayberry*, for the plaintiff.

BY THE COURT.   This is an action of tort to recover compensation for personal injuries sustained by the plaintiff, a pedestrian upon a public way, through contact with an automobile driven by the defendant.  There was testimony tending to show that on a rainy night the plaintiff, on stepping from the westerly sidewalk of a street sixty feet wide between sidewalks with a plainly marked crosswalk ten feet in width, looked up and down the street and, seeing no automobile, started to cross within the lines of the crosswalk; that when within three or four feet of the opposite sidewalk he was struck and knocked down; that the defendant travelling north at the rate of ten or fifteen miles per hour did not see the plaintiff until within four or five feet of him and then saw him "fall over the right hand mudguard" of his automobile; that there was no other traffic

in the immediate vicinity and that directly after the accident the defendant, in reply to inquiry by a police officer as to how the accident happened, said that his windshield wiper was not working, that he was looking out of the left front window, and that "when he looked back through the windshield again he saw the plaintiff at the right front fender of his car."

If these were found to be the main facts, plainly the questions of the plaintiff's due care and of the defendant's negligence were for the jury. It could not rightly have been ruled as matter of law that the affirmative defence of contributory negligence on the part of the plaintiff was made out on all the evidence. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. *Quinn* v. *Miller,* 267 Mass. 84. *O'Connor* v. *Hickey,* 268 Mass. 454.

*Exceptions overruled.*