JAMES McGUIGGAN *vs.* CHARLES ATKINSON.

Suffolk.     February 3, 1932. — February 5, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Contributory, In use of way.

At the trial of an action for personal injuries sustained by a pedestrian who, on a misty, rainy night, was struck by an automobile operated by the defendant, there was evidence that the plaintiff, having arrived at the corner of two streets in Boston, each eighty to ninety feet wide, stopped, looked both ways, and saw no automobile moving in either direction; that he then started to cross one of the streets, looking ahead and to each side several times as he progressed; that, when about twenty-five or thirty feet from the curb he was approaching, he was struck by the defendant's automobile, which he had not seen until it "loomed up and struck" him; that he heard no warning nor signal of the approach of the automobile; and that the scene of the accident was well lighted. There was no evidence that any such warning or signal was given. A police officer testified that, when the plaintiff had passed over about sixty feet of the distance across the street, the automobile traffic started from the opposite side of the intersecting street, the defendant's automobile being the first in traffic coming from that direction and moving at a speed of twenty to twenty-

five miles per hour. There was nothing to obstruct the view of the plaintiff and the lights on the automobile were lighted. *Held,* that it was error to rule as matter of law that the burden of proving the plaintiff's contributory negligence had been sustained by the defendant.

Tort. Writ dated November 15, 1928.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence is stated in the opinion. A verdict for the defendant was ordered. The plaintiff alleged exceptions.

*J. G. Kelly,* (*T. L. Thistle* with him,) for the plaintiff.

*S. P. Sears,* for the defendant.

Rugg, C.J. The plaintiff, a man of good eyesight and hearing, seeks to recover compensation for personal injuries sustained by him while a pedestrian, just before eight o'clock on an April evening, by reason of being struck by an automobile driven by the defendant. It rightly is not argued by the defendant that there was no evidence of his negligence. The single question presented is whether the plaintiff is barred from recovery through his own want of due care or contributory negligence. *O'Connor* v. *Hickey,* 268 Mass. 454.

The evidence on this point was that the plaintiff, having arrived at the southwesterly corner of the intersection of Morton Street and Blue Hill Avenue, where both streets are level and about eighty to ninety feet wide from curb to curb, stopped, looked both ways, and saw no automobile moving in either direction. He then started to cross Morton Street on the westerly side of Blue Hill Avenue, continuing to look in both directions along Morton Street, his view being unobstructed for several hundred yards in each direction. He looked ahead and to each side several times, and when about twenty-five or thirty feet from the curb at the northwesterly corner of the streets was struck by the defendant's automobile. He did not know what part of the automobile struck him or where it came from; if he had seen it he could have got out of its way. He testified that he did not see the defendant's automobile until it "loomed up and struck" him; that he heard no warning or signal of the approach of the automobile; and there was no

evidence that any such warning or signal was given. The scene of the accident was a well lighted business street, although the night was misty and rainy. A police officer testified that he first noticed the plaintiff on the sidewalk at the southwesterly corner of the streets; that he watched him cross Morton Street; that when he had passed over about sixty feet of the distance the automobile traffic started from the opposite side of Blue Hill Avenue, the defendant's automobile being the first in traffic coming from that direction and moving at a speed of twenty to twenty-five miles per hour; that after the accident the defendant stated that he did not see the plaintiff until the latter fell near the bumper of the automobile. There was nothing to obstruct the view of the plaintiff and the lights on the automobile were lighted.

In these circumstances it ought not to have been ruled as matter of law that the burden of proving the plaintiff's contributory negligence had been sustained by the defendant or that if the plaintiff looked he must have looked carelessly. However close and difficult the question may have been to determine as matter of fact, it nevertheless was a fact to be decided by the weighing of evidence. "A pedestrian, whether he sees an automobile or not, has a right to rely to some extent on the expectation that any motor vehicle, approaching him, will slow down and give a timely signal and observe the other requirements of G. L. c. 90, §§ 14, 17." *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254. Moreover, there appears to have been ample space for the defendant to have driven either in front of or behind the plaintiff without striking him. It could have been found in those circumstances that the plaintiff might reasonably expect the driver of a motor vehicle to avoid him rather than to hit him. The case falls within the class of cases illustrated by *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51, and cases there cited, and *Durling* v. *Lamontain*, 277 Mass. 517, and is distinguishable from the class illustrated by *Gibb* v. *Hardwick*, 241 Mass. 546, and *Will* v. *Boston Elevated Railway*, 247 Mass. 250.

*Exceptions sustained.*