JULIA McSORLEY *vs.* BEATRICE P. RISDON.

Middlesex.    March 7, 1932. — March 8, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Contributory, In use of way. *Practice, Civil,* District Court: report, rules, requests and rulings; Appeal; Waiver of defence.

Where, at the hearing in a district court of an action of tort for personal injuries sustained by a woman who, as she was crossing a public way, was struck by an automobile of the defendant, there was evidence that the plaintiff, before starting to walk across the way, looked both ways and saw as the only traffic in the street one automobile approaching but at such distance and apparent rate of speed that she thought there was ample time for her to cross, and that, just as she was stepping upon the curb of the opposite side of the street, she was struck and injured by an automobile, findings were warranted that the plaintiff was in the exercise of due care and that the driver of the automobile was negligent.

At the hearing of the action above described, the defendant stated in open court that a defence, set out in an averment in his answer, that "at the time of the alleged accident the defendant's automobile was not being operated by a person for whose conduct the defendant was legally responsible," was waived. The operator of the automobile, the only witness for the defendant, testified as to the circumstances of the accident. At the close of the trial the defendant filed a request for a ruling that "On all the credible evidence the defendant was not negligent." This the trial judge refused as not based upon the facts found by him. Upon a report to the Appellate Division after a finding for the plaintiff, there was not set out any evidence to the effect that the defendant was the owner of the automobile in question. It did not appear that the defendant contended before the Appellate Division that there was no evidence in the record to connect the defendant with the accident. The report was ordered dismissed. The defendant appealed. *Held,* that, it being apparent from the record that ownership by the defendant of the automobile was not questioned at the trial or before the Appellate Division, it was not open to the defendant to argue in this court that there was no evidence in the record to connect the defendant with the accident.

TORT for personal injuries. Writ in the Second District Court of Eastern Middlesex dated January 5, 1931.

In the District Court, the action was heard by *Connolly*, J. Material evidence and rulings by the trial judge are stated in the opinion. There was a finding for the plaintiff in the sum of $850, and the action was reported to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*F. P. Hurley & J. E. Norris*, for the defendant.

*G. I. Cohen & F. D. Harrigan*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff, while a pedestrian, through being struck by an automobile owned by the defendant. There was testimony tending to show that the plaintiff, before starting to walk across a public way, looked both ways, saw as the only traffic in the street one automobile approaching but at such distance and apparent rate of speed that she thought there was ample time for her to cross, and that just as she was stepping upon the curb of the opposite side of the street she was struck and injured by an automobile. Whether the plaintiff was in the exercise of due care or was guilty of contributory negligence and whether the driver of the automobile was negligent presented questions of fact. It is unnecessary to narrate the evidence in further detail. It was somewhat conflicting. The governing principles of law are too well settled to require repetition of statement. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. *O'Connor* v. *Hickey*, 268 Mass. 454. *Durling* v. *Lamontain*, 277 Mass. 517. *McGuiggan* v. *Atkinson, ante*, 264.

The defendant argues that there is no evidence in the record to connect the defendant with the accident. The answer of the defendant was (1) a general denial, (2) an averment that the plaintiff was not in the exercise of due care but that her own negligence contributed to the injury, and (3) an averment that "at the time of the alleged accident the defendant's automobile was not being operated

by a person for whose conduct the defendant was legally responsible." In the report it is stated that at the commencement of the trial counsel for the defendant stated in open court that the defence set up in paragraph 3 of her answer was waived. There is not set forth in the report any testimony to the effect that the defendant was the owner of the automobile in question. Sidney F. Risdon, called as her only witness by the defendant, gave testimony as to his operation of the automobile and the circumstances under which the accident happened. At the close of the trial the defendant filed this request for ruling: "On all the credible evidence the defendant was not negligent." This the trial judge denied as not based upon the facts found by him.

It is apparent from this state of the record that ownership by the defendant of the automobile was not questioned at the trial. The trial judge and the parties proceeded upon that theory. No such point as is now urged appears to have been made in the Appellate Division. In its opinion no reference is made to the point. It would be unfair to permit the point to be raised now for the first time. *McLearn* v. *Hill,* 276 Mass. 519. Moreover the request for ruling already quoted, in substance that a finding be made for the defendant, did not contain in the circumstances here disclosed such "full specifications of the grounds upon which the request is based" as is required by Rule 28 of the District Courts (1922) as amended on June 20, 1929, so as to draw the matter now urged in defence to the attention of the trial judge. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268.

*Order dismissing report affirmed.*