## PATRICK CLARK vs. C. E. FAY CO.

Suffolk.    December 6, 1932. — December 8, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, In use of way, Motor vehicle, Contributory. *Evidence*, Presumptions and burden of proof, Inference.

At the trial of an action for personal injuries sustained by a pedestrian when he was struck by an automobile owned by the defendant and operated by his agent, it appeared that the accident occurred on a rainy night and that the lights of the automobile were lighted. The plaintiff testified that, before crossing a street at the intersection thereof with another street, he looked both ways and saw the automobile on his right "at a standstill"; and that, when he had reached about the middle of the first street, he looked again and saw the automobile "coming by close to me, about a foot . . . near me, and then of course, when I saw the car coming so close to me, I did my best. I hurried as quick as I could . . . to get out of the way, and I couldn't get out of the way and it struck me." The operator of the automobile testified that, although the windshield wiper was working, the windows of the automobile were closed and "pretty well misted"; that he stopped at the intersection, started again and was about at the further side of the intersecting street when he saw "something" which "looked like a shadow" on his left just in front of him; that he stopped; and that as he stopped he struck the plaintiff. *Held,* that

    (1) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence;

    (2) Although there was no direct evidence as to the artificial lights at the place of the accident, an inference that it was well lighted was warranted by the testimony of the operator of the automobile as to seeing "something" which "looked like a shadow";

    (3) The testimony of the operator that the windows of the automobile "were pretty well misted" was susceptible of an inference that visibility through the windows was poor;

    (4) Although the question was close, a finding was warranted that the operator was negligent.

TORT.    Writ dated November 13, 1930.

The action was tried in the Superior Court before *Greenhalge*, J. Material evidence is stated in the opinion. Subject to leave reserved under G. L. (Ter. Ed.) c. 231, § 120,

a verdict for the plaintiff in the sum of $700 was recorded. The judge thereafter denied a motion by the defendant that a verdict be entered in its favor and reported the action for determination by this court.

*R. J. Walsh*, for the defendant.

*F. I. Tobin*, for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff while a pedestrian upon a public way by the negligence of a servant of the defendant in the operation of its automobile.   It was conceded that the accident occurred at about six-thirty to seven o'clock in the evening of October 15, 1930; that it was raining at the time; that the defendant was the owner of the automobile which was being driven by its agent on its business; that the driver was duly licensed as an operator and the automobile was properly registered; and that the accident occurred at or near the intersection of East Brookline Street and Shawmut Avenue, in Boston.   At that season of the year it was dark at the time.   No contention is made that the lights of the automobile of the defendant were not lighted.

The testimony of the plaintiff was in effect that while walking on the sidewalk on Shawmut Avenue, when he reached the corner of East Brookline Street, he stopped, looked to his "left and right and up and down, and couldn't see any car coming; that he then looked to the right and saw a car there at a standstill, not in motion"; that he then stepped off into the street and "I got over middle ways on the street . . . maybe a little further than middle ways, and then I looked again, and I saw this car coming by close to me, about a foot . . . near me, and then of course, when I saw the car coming so close to me, I did my best. I hurried as quick as I could . . . to get out of the way, and I couldn't get out of the way and it struck me."   The testimony of the driver of the automobile was that, having driven from Harrison Avenue on Brookline Street as far as Shawmut Avenue, he came to a stop; "I had the windows closed; windshield wiper working; because it was raining very hard, and the windows were pretty well misted.   I

put it into first speed; I started across the street and I threw it into second as I got to the other corner; then five or six feet from the corner, just as I started to come in, I had seen something; looked like a shadow. Just what it was at that particular moment, I didn't realize, and I stopped. As I stopped I hit something or struck whatever it was. When I got out, I had seen this gentleman . . . on the ground . . . ." He also testified "that he had seen the shadow on his left halfway between his bumper and another car which was three or four feet ahead of him on his right, up against the curbstone near the corner, that he was about four or five feet beyond the corner when he struck the plaintiff." Further testimony concerning the weather was that it was "Drizzling . . . it was raining; kind of a heavy mist coming down." These two were the only witnesses whose testimony is reported and it has been stated in full so far as now material.

The evidence is meagre; consequently the case is very close on the questions of law presented. The governing principles are plain. It would serve no useful purpose to restate or amplify them. We think that it could not have been ruled as matter of law that the defendant had sustained the burden which rested on it of proving that negligence on the part of the plaintiff contributed to his injury. *O'Connor* v. *Hickey*, 268 Mass. 454. *Gibb* v. *Hardwick*, 241 Mass. 546. *Gauthier* v. *Quick*, 250 Mass. 258. *Jones* v. *Plotkin*, 273 Mass. 24. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51. *McGuiggan* v. *Atkinson*, 278 Mass. 264.

Whether the driver of the automobile was negligent is an even closer question. The jury were not obliged to give credence to all the testimony of the driver of the automobile but might discredit that part which tended to exonerate him from fault and believe only that portion tending to show negligence on his part. Of course the occurrence of the accident was not evidence of negligence. The jury could not resort to surmise or conjecture and the burden of proving that the injury to the plaintiff was caused by the negligence of the defendant rested on the plaintiff. *Childs* v. *American Express Co.* 197 Mass. 337, 338. *Bigwood* v.

*Boston & Northern Street Railway,* 209 Mass. 345. *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124. *Gates* v. *Boston & Maine Railroad,* 255 Mass. 297, 301, 302. While there was no direct evidence as to the artificial lights at the place of the accident, it might have been inferred that it was well lighted because otherwise the driver of the defendant's automobile on such a night would not have "seen something . . . [which] looked like a shadow." The testimony of the driver that the "windows" of the automobile "were pretty well misted" was susceptible of the inference that visibility through the windows was low and dim because either their inside was clouded with dampness or their outside cloaked with moisture. The jury might have found further that in these circumstances it was the duty of the driver when he came to a stop and before proceeding to cross the intersection of streets into another thoroughfare where there might be conflicting travel, if the windows were "misted" on their inside, to wipe them so he could see through them, and if "misted" on the outside, to put down the window on his left even if he might thereby get a little wet, so that in any event his range of vision would be as wide and clear as possible, in order to avoid hurting other travellers in the adverse conditions then and there prevailing. We are of opinion, though with some hesitation, that this branch of the case also presented a question of fact for the determination of the jury. *Woodman* v. *Powers,* 242 Mass. 219. *Puccia* v. *Sevigne,* 258 Mass. 234. *Commonwealth* v. *Arone,* 265 Mass. 128. *Arnold* v. *Colbert,* 273 Mass. 161. *Durling* v. *Lamontain,* 277 Mass. 517.

> *Judgment for plaintiff in the amount of the verdict plus interest and costs.*