FRANCIS E. PARK *vs.* CONVEYANCERS TITLE INSURANCE AND MORTGAGE COMPANY.

Suffolk. March 5, 1934. — March 8, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Negligence,* Contributory. *Practice, Civil,* Findings by judge.

Where, on conflicting evidence at the hearing by a judge of an action for personal injuries, a finding that the plaintiff was guilty of contributory negligence was warranted and the judge so found, that finding must stand and it barred recovery by the plaintiff.

On all the evidence at the trial of an action against one in control of an office building for personal injuries sustained by a tenant of an office on an upper floor, including evidence that the plaintiff, on a Sunday afternoon, came out of the bright light of the street into the hall of the building where it was somewhat dark and, looking through the grating of the elevator shaft, thought he saw the elevator there; that he found the elevator door partly open and immediately stepped in; and that he fell and was injured because the elevator then was at an upper floor, a finding was warranted that the plaintiff was guilty of contributory negligence.

TORT. Writ in the Municipal Court of the City of Boston dated January 25, 1933.

The action was heard in the Municipal Court by *Adlow,* J. Material evidence is stated in the opinion. The judge found for the defendant. A report to the Appellate Division was dismissed. The plaintiff appealed.

*J. H. Powers,* for the plaintiff.
*K. C. Parker,* for the defendant.

RUGG, C.J.   The plaintiff seeks by this action of tort to recover compensation for personal injuries sustained by him and alleged to have been caused by the negligent management of an elevator in a building managed and controlled by the defendant as mortgagee in possession.   The plaintiff testified, in substance, that as a tenant he had an office on the seventh floor of this building and that he always used the elevator to reach his office; that at various times he had found the elevator with the door open; that at half past twelve on the Sunday afternoon of his injury he came out of the bright light of the street into the hall of the building where it was somewhat dark; that thinking at first the gate was closed on the elevator he pushed the button to call the janitor; that then looking through the grating of the elevator shaft he thought he saw the elevator inside the shaft; that he found the elevator door was partly open and immediately stepped in, and, no elevator being there, fell and received the injuries complained of. In fact the elevator was at an upper floor.   Evidence relating to the position of the elevator door, the conditions as to light and visibility and other circumstances bearing on the due care of the plaintiff was conflicting.   The trial judge took a view.   He found that the "plaintiff did not exercise due care and by his conduct was guilty of contributory negligence," and made a general finding for the defendant.

It is not necessary to determine whether as matter of law the burden of proof resting on the defendant to show that the plaintiff by his own negligence contributed to his injury was sustained.   See *Humphreys* v. *Portsmouth Trust & Guarantee Co.* 184 Mass. 422, 424; *Hydren* v. *Webb,* 219 Mass. 542, 546.   There was no ruling of law but a finding of fact that the plaintiff was wanting in due care and was guilty of contributory negligence.   How much of the plaintiff's testimony was worthy of credence was for the trial judge.   *First National Bank of Boston* v. *Sheridan, ante,* 338.   Whether the plaintiff with respect to his injury was in the exercise of due care or was contributorily negligent was on all the evidence a question

of fact.  *McSorley* v. *Risdon,* 278 Mass. 415, 416.  *Perry* v. *Stanfield,* 278 Mass. 563, 572.  The testimony afforded ample foundation for a finding of want of due care and of contributory negligence on his part.  *O'Connor* v. *Hickey,* 268 Mass. 454.  This is decisive against the plaintiff.

It becomes unnecessary to consider the other arguments presented by the plaintiff, which are concerned wholly with the negligence of the defendant.  His requests for rulings need not be examined.

*Order dismissing report affirmed.*