HARRY E. MOSHER *vs.* JOHN P. HAYES.

Suffolk.     October 2, 1934. — October 3, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Contributory.     *Evidence,* Presumptions and burden of proof.

The evidence, at the hearing of an action for personal injuries sustained by a pedestrian on a street when he was struck by an automobile operated by the defendant, did not show as a matter of law that the defendant had sustained the burden of proving the plaintiff guilty of contributory negligence.

TORT for personal injuries. Writ dated November 16, 1933.

The action was heard in the Superior Court by *Donnelly,* J., without a jury. The judge denied a motion by the defendant that the "court enter a finding for the defendant" and found for the plaintiff in the sum of $2,118.59. The defendant alleged an exception.

It was stated in the record that "there was evidence and the defendant admits that the court could properly find that the defendant was negligent. . . . The only contention of the defendant is that the plaintiff was negligent and that his negligence contributed to the accident."

*W. A. Thibodeau,* for the defendant.

*M. Michelson,* (*S. Goldkrand* with him,) for the plaintiff.

BY THE COURT. The only question in this case is whether the affirmative defence of contributory negligence on the part of the plaintiff was established as matter of law. It is

rarely that such a ruling can rightly be made.  *Castano* v.
*Leone,* 278 Mass. 429, 431.  G. L. (Ter. Ed.) c. 231, § 85.
The plaintiff was a pedestrian.  At about eight o'clock in
the evening of the last day of September, 1933, he left the
curb of a reservation to cross a well lighted street when the
automobiles of the defendant and of several others were two
hundred to two hundred and fifty feet away, shortly after
having been stopped by a traffic officer, and was struck by
the automobile of the defendant.  There was testimony
that the defendant had said that he was responsible for the
accident, that he was in a hurry and was going too fast.
The evidence need not be recited.  A careful examination
of it convinces us that there was no error of law in denying
the request for ruling that a finding be entered for the
defendant.  G. L. (Ter. Ed.) c. 90, §§ 14, 17.  The case falls
within the class of cases illustrated by *McGuiggan* v. *Atkin-
son,* 278 Mass. 264, *McSorley* v. *Risdon,* 278 Mass. 415,
*Legg* v. *Bloom,* 282 Mass. 303, and *Sooserian* v. *Clark,* 287
Mass. 65, and is distinguishable from cases like *Will* v.
*Boston Elevated Railway,* 247 Mass. 250, and *O'Callaghan*
v. *Boston Elevated Railway,* 249 Mass. 43.

*Exceptions overruled.*