Briggs, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries alleged to have been received while on a highway and due to the negligent operation of an automobile by the defendant. The answer is a general denial and an allegation of contributory negligence.
*282 At the trial there was evidence tending to show that about 11:45 P. M. the plaintiff had been walking along the left hand side of Main Street, Walpole, and was struck by an automobile operated by the defendant, as the plaintiff, after looking both ways and seeing no automobile, was crossing to his right hand side of the road and had reached a point about five or six feet from the side of the road he was approaching and five to ten feet from a light on the highway. The plaintiff was dressed entirely in black. There was no evidence whatsoever as to the speed or manner of. operation of the defendant’s automobile. The defendant offered no evidence but duly requested the following rulings of law:
1. On all the evidence the defendant was not negligent.
2. The defendant has sustained the burden of proof as to contributory negligence.
3. If the plaintiff, crossing the street, did not look or looked carelessly, he was negligent and cannot recover.
4. The plaintiff has failed to prove by a fair preponderance of the evidence the allegations in his declaration.
5. On all the evidence the automobile of the defendant did not proceed at any time at a rate of speed greater than was reasonable and proper, having regard to the traffic and the use of the way and the safety of the public.
6. If the plaintiff attempted to cross the main highway in a district not thickly settled and unlighted, while dressed in black clothing, and failed to see the defendant’s automobile, he is guilty of contributory negligence.
7. There is no evidence' of speed Or negligence on the part of the defendant, and as a matter of law, there should be a finding for the defendant.
The court denied all the defendant’s requests as being inapplicable to the facts found and made a finding for the plaintiff. It made no special findings of fact. This method *283 of dealing with requests is not to be encouraged. Mericantante vs. B. & M. R. R., Mass. Adv. Sh. (1935) 1613.
The evidence is very meagre, consequently the ease is very close on the questions of law presented. We think it could not have been ruled as a matter of law that the defendant had sustained the burden resting upon him of proving that negligence of the plaintiff contributed to his injury. The requested rulings numbered 2, 3, and 6 were properly denied. Number 1 was not in accordance with District Court Bules and the Court was not obliged to give it. O’Conner vs. Hickey, 268 Mass. 454. McGuiggan vs. Atkinson, 278 Mass. 264.
The report recites that “There was no evidence whatever as to the speed or manner of operation of the defendant’s automobile, and further states that all evidence material to the issues is contained therein.” An examination discloses no evidence of negligence in the report. We therefore must conclude that there was none. In the absence of evidence of the “manner of operation” and of any other evidence showing the conduct and alleged negligence of the defendant or conditions surrounding the accident we are forced to the conclusion that it would be necessary to resort to surmise or conjecture to establish negligence. The occurrence of the accident was not evidence of negligence. Clark vs. C. E. Fay Co., 281 Mass. 240.
By bringing this action the plaintiff assumed the obligation to show that the negligence of the defendant caused his injury. This was an affirmative burden and could not be left to surmise or conjecture. There must be something amounting to proof, either by direct evidence or rational inference of probabilities from established facts. No facts are presented here warranting an inference of negligence. Bigwood vs. Boston & Northern St. Ry., 209 Mass. 345. Nager, Adm. vs. Reid, 240 Mass. 211.
The requested rulings numbered 4 and 7 should have been given. Entry must be made of
for the