MAY VOWLES *vs.* MAX SMITH. November 6, 1941. Exceptions overruled. The plaintiff sought in this action of tort for negligence, brought in the Superior Court, to recover compensation for personal injuries sustained by her as a result of falling on a broken step of a common stairway leading to the cellar. A motion by the defendant for a directed verdict was denied and the defendant excepted. His bill of exceptions states that there "was sufficient evidence of negligence of the defendant in causing the plaintiff's fall, the sole question raised by these exceptions being whether on the aspect of the evidence most favorable to the plaintiff there was sufficient evidence to go to the jury on the issue of the plaintiff's due care." This language is inapt. The burden of proof on this issue was on the defendant — that is, the burden of establishing the contributory negligence want of due care — of the plaintiff. G. L. (Ter. Ed.) c. 231, § 85. *O'Connor* v. *Hickey*, 268 Mass. 454, 460–461. The evidence on this issue was testimony of the plain-

tiff by which she was bound. She testified in substance that she knew of the dangerous condition of the step — the second from the top of the stairway — and that it was "dark" when she started down the stairway and "she could just barely see the stairs." According to her testimony she went carefully. It could not have been ruled as matter of law that the plaintiff, in the exercise of due care, was bound not to use the stairway, though she knew there was some danger in doing so — so far as appears she had no other way of reaching the cellar — or that in the course of using the stairway she failed to exercise due care. See *Silver* v. *Cushner*, 300 Mass. 583, 587, 588. The motion was denied rightly.

*M. R. Spelfogel*, for the defendant.

*G. B. Rowell*, for the plaintiff.