No. 2988 Northern Middlesex, ss.

GUSTAFSON (Joseph B. Harte)
v. WESANEN et al.
 (Alexander B. Way, Jr., Cryan & Bradley)

From the Second District Court of Eastern Middlesex—
Duane, J.

Argued October 8, 1941—Opinion Filed November 17, 1941

WILSON, J. (Jones, P.J., & Sullivan, J.)—This is an action of tort wherein the plaintiff seeks to recover for personal injuries, caused by the negligence of the defendants' servant or agent in the operation of an automobile.

There was evidence, taken in its aspect most favorable to the plaintiff (*Karjavainen* v. *Buswell,* 289 Mass. 419), tending to show that the plaintiff was employed at a garage; that one Bastis, an employee of the defendants, was delivering a new automobile to said garage. The plaintiff had just parked a car, on which he had been working, between two grease racks at the left side of the shop. After he had parked the car, head in, he got out on the left side and walked down its left side toward its rear. When he had reached a point about three to four feet beyond the rear of the automobile, someone called to him from the rear of the shop, that he stopped and turned his head toward the rear of the shop, that while he was stopped in that position, the car driven by the defendants' employee drove against him, injuring his leg and foot. When he last saw the car which caused the injuries to him, it was stopped at some distance away, near the entrance to the garage. There was also evidence that the defendants' employee, after stopping near the entrance to the garage, proceeded into the garage; that cars were parked on both sides of him, that he saw the plaintiff when he was about thirteen feet away; that after hitting the plaintiff he proceeded nearly a car length before coming to a stop.

The defendants presented the following requests for rulings:

"1. There is no evidence of negligence on the part of the defendant:

"2. The defendant has sustained the burden of proving that the plaintiff was not in the exercise of due care."

The trial judge denied said requests, "found as a fact that the defendant was negligent and that the plaintiff was in the exercise of due care," and found for the plaintiff.

If upon the evidence a finding for the plaintiff was permissible, there was no error in the denial of the first request. *Milmore* v. *Landau*, 307 Mass. 589. See also *Forbes* v. *Gordon & Gerber, Inc.,* 298 Mass. 91, and cases there cited.

We think there was evidence in the instant case which would warrant the trial court in submitting to himself as a fact finding tribunal the question of the negligence of the defendant's servant or agent in the operation of the automobile in his charge. We think he properly could have found that it was negligence not to see the plaintiff who was standing still and in plain view of the defendants' driver. We also think it could have been found that the defendants' driver was negligent in the speed with which he entered the garage where cars were parked on both sides and in such a manner that he went three-fourths of the length of the automobile after hitting the plaintiff before he could come to a stop. In our opinion the negligence of the operator was a question of fact for the trial court. *Clark* v. *C. E. Fay Co.,* 281 Mass. 240.

Whether the burden of proving that the plaintiff was guilty of contributory negligence, which burden was upon the defendants, was sustained, also presented a question of fact for the trial court. · *MacInnis* v. *Morrissey,* 298 Mass. 505, 506. *Clark* v. *C. E. Fay Co.,* 281 Mass. 240, and cases cited.

Where, as in the instant case, the specific findings of the trial court on the issues of negligence and contributory negligence were warranted, we have no authority to substitute for such findings, conclusions of our own. *Worcester* v. *L. Rocheford & Son, Inc.,* 300 Mass. 261. See also cases there cited, and see *Himelfarb* v. *Novadel Agene Corp.,* 305 Mass. 446. The record before us contains no prejudical error and the report is dismissed.