See Rule 2 and Rule 31 of the Supreme Judicial Court.

Both rules contemplate aid to the Court by the citing of authorities. The source and extent of such citations are discussed by both Judge Qua and Mr. Hitchcock in "From Writ to Rescript." See especially pp. 276, 277 and pp. 285 to 286.

As it was said by Judge Lummus in *Boston* v. *Dolan*, 298 Mass. 346, 355, "The defendant saved a number of questions of evidence, but he has not argued them beyond asserting in his brief as to each that the judge erred. This is not argument. Rule 2 of the Rules for the Regulation of Practice before the Full Court (1926) (252 Mass. 585) requires 'a brief . . . signed by counsel, of the points on which he intends to rely, and the authorities intended to be cited in support of them, arranged under the respective points.' *The rule contemplates not only a list of the problems presented to the court but also some aid in solving them.*"

If an appeal is of sufficient importance to require the court to search the law for an answer, it is of sufficient importance to require the appealing party to search the law to help the court. *Kay* v. *Audet*, 306 Mass. 337, 338, *supra*.

The appeal having been waived the Report is

*Dismissed.*

No. 3072 Northern Middlesex, ss.

LA FLAMME (Thomas M. A. Higgins)
v. LOWELL (William J. White, Jr.—Hubert L. McLaughlin)

From the District Court of Lowell—Walsh, J.
Argued Dec. 22, 1941—Opinion filed Jan. 12, 1942

PETTINGELL, J. (Jones, P. J., and Sullivan, J.)—Action of tort to recover for personal injuries received by the plaintiff's intestate in a fall alleged to have been caused by a defect in the sidewalk. The trial judge found that the plaintiff's intestate was in the exercise of due care while walking and stumbled or tripped over a projecting granite slab which formed part of the sidewalk. There was a finding for the plaintiff. The error alleged is the refusal to give the following ruling:

"That in view of the proximity of the said Louise La-Flamme's home to the place where it is alleged he fell, and the frequency in which he walked on the sidewalk and his knowledge of conditions relative to said sidewalk, this is strong evidence of his lack of care."

The defendant's contention is that in refusing to give this

request, the trial judge failed to give consideration to the evi-dence which is recited in it.

The duty of the trial judge is to hear the evidence and to decide the case according to applicable principles of law. The parties have a right to request the trial judge to pass upon such principles of law as counsel consider applicable. Requests which are thus presented, if applicable, must be g ranted or must be disposed of, by findings of fact or by explanation, which make them immaterial, or inapplicable. This privilege, however, relates only to requests for rulings of law. A trial judge cannot be compelled to find facts; requests for such find-ings have no standing. It is not error for him to deny them. *Cameron* v. *Buckley*, 299 Mass. 432, at 434.

In the case at bar the defendant begins his argument by an admission that contributory negligence under these con-ditions is a factual matter. The request in question, when examined, is purely factual. It states certain facts and then ends by saying that the facts recited are "strong evidence of lack of care." Strong evidence of a thing does not compel a conclusion of law. Evidence of a fact may be strong and yet not conclusive. The request does not conclude with a prayer or request to pass upon the evidence as strong enough to warrant a finding of contributory negligence. It left the issue one in which the trial judge was to consider strong evidence of fact. It implied a possible decision that the evidence was not strong enough to warrant the finding desired. The request, however, was not framed so as to make that decision review-able as a question of law. It remained wholly a matter of fact.

The statute places the burden of proving contributory neg-ligence upon the defendant. An affirmative defence is then created. It is rarely that it can be ruled as matter of law that that burden has been sustained. *Linname* v. *Millman*, 261 Mass. 491, at 494. *McGrath* v. *Boston Elevated Ry.*, 261 Mass. 541, at 544. *Hepburn* v. *Walters*, 263 Mass. 139, at 141. *Mosher* v. *Hayes*, 288 Mass. 58.

Where only one rational inference can be drawn from the evidence and that an inference of contributory negligence, a question of law for the court is presented. *Duggan* v. *Bay State St. Ry.* 230 Mass. 370, at 379. *Doyle* v. *Boston Ele-vated Ry.* 248 Mass. 89, at 91.

As has been pointed out, the defendant admits that the question of the due care of a plaintiff, under the circumstances here disclosed, was a question of fact. Its main grievance is that the denial of the request indicates that the trial judge did not consider the evidence set forth in the request. In this it is mistaken. The granting of a request for a ruling of law does not imply a finding of the facts to which the request was applicable. *Dubois* v. *Goldstein*, 277 Mass. 139, at 140. By the same reasoning the denial of a request for a ruling does not imply a finding of facts contrary to those in the

[ 116 ]

proposition contained in it. *Forbes* v. *Howe,* 102 Mass. 427, at 434.

The legal aspect of the case was not affected by the defendant's request which called the attention of the trial judge to the strong evidence of lack of care. His duty of weighing the evidence still remained the same, a matter of fact. *McDonough* v. *Vozzella,* 247 Mass. 552. *Commonwealth* v. *Destnick,* 262 Mass. 408, at 413.

No prejudicial error appearing, the report is to be dismissed.